IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ZION YOUNG     PLAINTIFF

v.     CIVIL ACTION NO. 1:23-cv-00055-GHD-DAS

CITY OF BOONEVILLE, MISSISSIPPI; et al.     DEFENDANTS

### ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT and DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Presently before the Court is the Defendant City of Booneville's motion [23] to set aside Clerk's entry of default [16], and the Plaintiff's motion [17] for Default Judgment. Upon due consideration, the Court finds that the Defendant's motion should be granted and the Plaintiff's motion denied. The Clerk's entry of default as to the Defendant City of Booneville shall be set aside.

On April 7, 2023, the Plaintiff filed the original Complaint [1] in this case. In that Complaint, the Plaintiff brought suit against the Mayor of Booneville, Defendant Chris Lindley, in both his official and individual capacities. After service of process was effected, an entry of appearance by counsel was filed on Lindley's behalf, in both his official and individual capacities [6].

The Plaintiff then filed an Amended Complaint [11] on July 7, 2023, again naming Lindley as a Defendant in both his official and individual capacities but adding the City of Booneville as a separately named Defendant. Lindley filed an Answer to the Amended Complaint on July 18, 2023, again in both his official and individual capacities [13], and then Lindley himself was subsequently served with process on behalf of the Defendant City of Booneville on July 31, 2023 [14].

On December 4, 2023, the Plaintiff filed a Motion for Entry of Default [15], and on December 5, 2023, the Clerk entered an Entry of Default [16] as to the City of Booneville. Two days later, on December 7, 2023, counsel for the Defendant City of Booneville, relying on well-established precedent holding that official capacity claims against a municipal official are properly regarded as claims against the entity itself, see, e.g., *Brumfield v. Hollins*, 551 F.3d 322, 331 n.9 (5th Cir. 2008) and *Adelsheimer v. Carroll Cnty., Miss.*, 675 F. Supp. 3d 722, 728 (N.D. Miss. 2023), filed a motion seeking motion for leave to amend its Answer to the Plaintiff's Amended Complaint. The two present competing motions followed.

The Fifth Circuit set forth the pertinent law with respect to entries of default as follows:

> Under Rule 55, a district court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). The language of this rule is discretionary, and "the decision to set aside a default is committed to the sound discretion of the trial court." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). Furthermore, district courts generally should grant motions to set aside a default unless the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense. *See id.* at 183–84; *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183–84 (5th Cir. 1985). This is because "courts universally favor trial on the merits." *Dierschke*, 975 F.2d at 183 (internal quotation marks omitted).

*Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015).

In the case *sub judice*, the Defendant City asserts that good cause exists to set aside the Clerk's entry of default based upon the fact that the Defendant Lindley – sued both in his official and individual capacities – timely responded to the Plaintiff's Amended Complaint, and that claims brought against an official in his or her official capacity are regarded as claims against the entity itself. *Brumfield*, 551 F.3d at 331 n.9; *Adelsheimer*, 675 F. Supp. 3d at 728. The Defendant City further asserts that the Plaintiff's filing an Amended Complaint and formally naming the City as a Defendant was duplicative given both that the City was already effectively

2

a defendant given the official capacity claims and that the Defendant Lindley himself was reserved with service of process on behalf of the City after the filing of the Amended Complaint. The Defendant City's counsel nonetheless communicated with Plaintiff's counsel regarding the confusion *prior to* the Plaintiff's moving for a default judgment, thereby further putting the Plaintiff and his counsel on notice that the Defendant City was indeed defending the claims against it and further demonstrating that any default was not willful and that the Plaintiff will not be prejudiced by the setting aside of the Clerk's Entry of Default [23-1].

Based on the foregoing, the Court finds that the Defendant's motion to set aside the Clerk's entry of default in the case *sub judice* should be granted – the Defendant has indicated that its failure to previously file a separately-denominated responsive pleading was not willful; the Plaintiff will not be prejudiced by the setting aside of the entry of default; and there is no indication that the Defendant City does not have a meritorious defense to the Plaintiff's claims. The Defendant City clearly and quickly demonstrated its intent to defend this suit – it communicated with Plaintiff's counsel regarding the Clerk's Entry of Default the day after the Default was entered an then filed both the present motion, as well as a motion seeking leave to file an Amended Answer, within two days of the Clerk's Entry of Default. Given these facts, the Court finds that the Plaintiff will not be prejudiced given the rapid manner in which the Defendant City filed this motion and sought leave of court to file an Amended Answer.

ACCORDINGLY, it is hereby ORDERED that the Defendant's motion to set aside the Clerk's entry of default [23] is GRANTED and the entry of default entered by the Clerk on December 5, 2023 [16] is hereby SET ASIDE; the Defendant's motion for leave of court to amend Answer to Amended Complaint [21] is GRANTED, and its proposed amended responsive pleading [21-1] is hereby deemed to constitute the Defendant's Answer to the Plaintiff's

3

Amended Complaint and shall be DOCKETED using the next available docket number; and the Plaintiff's motion for default judgment [17] is DENIED.

THIS, the 14th day of May, 2024.

_____
SENIOR U.S. DISTRICT JUDGE